UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DEVON and CINDY DWYER,   No. 07-10725

                Debtor(s).
_____/

Memorandum re Means Test
_____

      Whether the debtors in this Chapter 7 case fail the means test depends on the proper figure to be used in line 42 of Official Form 22A. The debtors have a type of mortgage which allows them to choose their monthly payment. They can pay a minimum payment, which results in negative amortization; an interest-only payment; a 30-year amortization payment; or a 15-year amortization payment. There are limits on the number of times the first two payments can be selected. The debtors argue that they are entitled to use the 30-year payment amount even though they have been making minimum payments. The U.S. Trustee, seeking dismissal under § 707(b)(1) of the Bankruptcy Code, argues that the interest-only payment is appropriate. The debtors are not arguing special circumstances, so the case must be dismissed if the U.S. Trustee is right.

      This issue is governed by § 707(b)(2)(A)(iii)(I) of the Code, which provides that the amount in line 42 is the total amount of all payments contractually due in each of the 60 months following the date of the petition divided by 60. The controlling term is "contractually due." Under the debtors' mortgage, the only amount *due* is the minimum amount they are obligated to pay. Thus, this is the amount the court must use in

1

determining if the debtors pass the means test. If failure to make a payment does not result in default, it is not due.

Since the debtors' right to pay only the minimum each month is limited, calculation of the proper amount is not simple though it is not terrible difficult. Just take the minimum allowable payment for each of the next sixty months, add them together and divide by sixty. That is the proper amount for the mortgage payment to be used in line 42.

If the parties agree that using the above method of calculation the debtors do not pass the means test, then the U.S. Trustee shall submit a form of order granting her motion which debtors' counsel has approved as to form. If there is any remaining dispute, the matter shall be set for further hearing.

Dated: November 14, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2